W. B. and Victoria V. Malouf v. Commissioner. A. B. and Mima A. Malouf v. Commissioner.
Malouf v. Commissioner
Docket Nos. 36882, 36883. TC Memo. 1955-190.
United States Tax Court
T.C. Memo 1955-190; 1955 Tax Ct. Memo LEXIS 162; 14 T.C.M. (CCH) 746; T.C.M. (RIA) 55190; June 30, 1955
*162 The petitioners and their brother, B. B. Malouf, acquired control of a large tract of undeveloped acreage in the City of Burbank, California, in 1940 and 1941. They made no improvements to the acreage, and they did not subdivide the property or advertise it for sale. In 1948, they sold a portion of the acreage to the Burbank Unified School District. Held, upon the facts, the acreage sold to the School District was a capital asset, under the provisions of section 117(a)(1) of the 1939 Code, and the gain realized by the petitioners upon the sale was long-term capital gain. Stevens Fargo, Esq., for the petitioners. George E. Constable, Esq., for the respondent. HARRON Memorandum Findings of Fact and Opinion HARRON, Judge: The Commissioner determined deficiencies in income tax for the year 1948 as follows: Docket No. 36882 W. B. & V. Malouf
$18,481.80
Docket No. 36883 A. B. & M. Malouf
13,588.71 In each proceeding, the petitioners concede that respondent correctly made certain determinations. In the case of W. B. and V. Malouf, petitioners concede that there is a deficiency of $5,464.58; and in the case of A. B. and M. Malouf, it is conceded *163 that there is a deficiency of $865.04. The only question to be decided is whether unimproved acreage which was sold by the petitioners to the School District of Burbank, California, in 1948, was investment property or property held primarily for sale to customers in the ordinary course of the petitioners' business. The Commissioner has determined that the gain realized from the sale of the property in question was ordinary income and not longterm capital gain. W. B. Malouf and A. B. Malouf are brothers. They, with their wives, Victoria and Mima, are residents of Los Angeles, California. W. B. Malouf and his wife, and A. B. Malouf and his wife, filed joint returns for 1948. The returns were filed with the collector for the sixth district of California. Because the question to be decided relates solely to W. B. and A. B. Malouf, they are referred to hereinafter as the petitioners. W. B. and A. B. Malouf, and their brother, B. B. Malouf, are the majority stockholders of Mode O'Day Corporation, which is engaged in the business of manufacturing women's apparel. Sales of this corporation amounted to over $10,000,000 in the taxable year. The principal business of the petitioners and *164 their brother, B. B. Malouf, is the management of the business of Mode O'Day Corporation. During 1948 and for many years prior, practically all of the time of the petitioners was spent in managing the corporation's business. The petitioners do not hold, and never have held, real estate broker licenses. In 1940 and 1941, the three individuals, W. B., A. B., and B. B. Malouf, and a corporation in which they owned all the outstanding stock, acquired a large area of unimproved acreage, consisting of more than 300 acres, located in the City of Burbank, Los Angeles County, California. The terrain within the boundaries of the acreage was relatively flat on the southerly side; a large part of the area was hilly. For convenience, this unimproved acreage is referred to as the property "above Sixth Street." From the time of the acquisition of the acreage above Sixth Street, in 1941, until the sale in question in the latter part of 1948, nothing was done with the property. The Maloufs did not make any improvements on the land; they did not subdivide the property and they did not advertise the property for sale. At one time the Maloufs employed an individual to promote a golf course on the *165 land above Sixth Street, but the plan was abandoned. The land above Sixth Street was not all acquired at the same time. Parts of the acreage had been owned by two corporations, and part by three or four individuals. For convenience, the two corporations will be referred to as the X Corporation and the Y Corporation. The Maloufs purchased the land owned by X Corporation and by the individuals, each of the Maloufs taking an undivided one-third interest. The Maloufs purchased the entire outstanding stock of Y Corporation, and on March 1, 1944, the acreage owned by the Y Corporation was conveyed to the Malouf Realty Company, a partnership in which the three Maloufs had a controlling interest. The acreage involved in the sale in issue in 1948 was a portion of the parcel which was conveyed by Y Corporation to Malouf Realty Corporation on March 1, 1944. In 1948, the three Malouf brothers sold part of the acreage above Sixth Street to the Burbank Unified School District for $122,507.02. Each of the Maloufs received one-third of the proceeds of the sale. The circumstances under which sale was made to the School District are as follows: The Malouf brothers, as individuals, were approached *166 by representatives of the School District and were advised that the District was seeking land upon which to construct a junior high school. The representatives of the School District had a particular site in mind as a suitable and appropriate location for the school. The Malouf brothers did not care to sell the particular land which the School District desired to purchase, and they did not enter into negotiations with the School District. However, the District was seriously interested in obtaining the particular site for their school and threatened to bring condemnation proceedings in order to obtain the land. The Malouf brothers decided that it would be more practical to make a voluntary sale rather than a sale under condemnation proceedings. The Maloufs accordingly entered into negotiations with officials of the School District, and the sale was concluded between August 31 and December 31, 1948. The land in question was conveyed to the School District by the Malouf brothers in their personal capacity, and each received one-third of the sales price. At some time before the conclusion of the sale to the School District, and while negotiations were in progress, the Malouf brothers decided *167 to dissolve their partnership, the Malouf Realty Company. The portion of the unimproved acreage above Sixth Street which the partnership had acquired from Y Corporation on March 1, 1944, was distributed in liquidation to the three Maloufs before the sale to the School District was completed. Although the Malouf brothers individually carried on the negotiations for the sale with the School District, a firm of real estate brokers, Wright, Becker and Frantz, received a 5 per cent commission upon the completion of the transaction. The unimproved acreage above Sixth Street, including the parcel sold to the School District in 1948, had been held by the petitioners, their partnership, Malouf Realty Company, and by Y Corporation, in which they owned all the stock, since at least July 1, 1941. During the period from July 1, 1941 to the latter part of 1948, when the sale to the School District was made, only one sale of a very small portion of the acreage was made. This sale occurred in 1947, and the amount of land involved was about the size of two lots. The sale to the School District in the latter part of 1948 was the second sale made from the acreage above Sixth Street. In 1949, additional *168 acreage was sold to the City of Burbank for park and school purposes. Also in 1949, all but 90 acres located in the rugged foothills were sold to a corporation, the Delaware Corporation, and in 1950, the remaining 90 acres were given to the City of Burbank as a gift. In their respective tax returns for 1948, each of the petitioners reported his share of the profit from the sale of the property as long-term capital gain, computed as follows: Long-Term
Cost or
Sales
Capital
Other Basis
Price
Gain
W. B. Malouf
$11,332.50
$40,835.68
$29,503.18
A. B. Malouf
11,332.50
40,835.67
29,503.17
On March 1, 1944, the Malouf Realty Company acquired a large tract of land located below Sixth Street in the City of Burbank. For convenience, this property will be referred to as the property "below Sixth Street." A large part of the property below Sixth Street was improved with paved streets, sidewalks, curbs, and public utilities. The firm of Wright, Becker and Frantz, was engaged to sell the properties. The agents built a sales office on the southern portion of the land below Sixth Street, hired salesmen, and advertised the properties. From March 1, 1944 to *169 August 1948, the partnership, through the real estate agents, sold a total of 362 lots in the property below Sixth Street in 174 transactions, for a total of $527,172. The gains realized upon the sale of these properties were reported as ordinary income and not as capital gain. The acreage above Sixth Street was held by the Malouf Realty Company and by the three Malouf brothers for investment purposes, and not for sale to customers in the ordinary course of trade or business. The adjusted basis of each petitioner in the portion of the acreage sold to the School District in 1948 was $7,872.34. The petitioners, W. B. Malouf and A. B. Malouf, realized long-term capital gain from the sale to the School District in 1948 in the amounts of $32,963.34 and $32,963.33, respectively. Opinion Whether the profit realized by the petitioners from the sale of the property in question in 1948 was ordinary income rather than capital gain depends upon whether the property was "held by the [taxpayers] primarily for sale to customers in the ordinary course of * * * [their] trade or business." Sections 117(a)(1) and 117(j) of the Internal Revenue Code of 1939. The question is essentially one of *170 fact. Rubino v. Commissioner, 186 Fed. (2d) 304, certiorari denied, 342 U.S. 814; King v. Commissioner, 189 Fed. (2d) 122, certiorari denied, 342 U.S. 829. We think it is clear from the evidence that the acreage above Sixth Street, of which the land sold to the Burbank Unified School District was a part, was held for investment and not for sale. W. B. Malouf and Ernest A. Becker, of the firm of Wright, Becker and Frantz, real estate brokers, testified that it was understood that the acreage was not to be subdivided or sold in the same manner as the properties below Sixth Street. The existence of this understanding is fully borne out by the actions of the parties. The petitioners had acquired control of the acreage above Sixth Street by 1941. From that time until the sale in question, in the latter part of 1948, they did not make any improvements on the acreage, nor did they subdivide or advertise the property for sale. We do not think significant the fact that Wright, Becker and Frantz were paid a commission upon completion of the sale to the School District. The sale was not prompted by the petitioners or by Wright, Becker and *171 Frantz, but was entered into only after the petitioners had been threatened with condemnation proceedings. Prior to the sale to the School District in the latter part of 1948, there had been one sale from the property above Sixth Street in the seven years during which the Malouf brothers controlled the acreage. This transaction occurred in June 1947, and involved a small portion of the acreage equal in size to two lots. The evidence indicates that this sale was made in error, and that legal proceedings were instituted, unsuccessfully, to void the transaction. We do not consider this isolated sale as inconsistent with the petitioners' purpose of holding the acreage for investment, or as changing the purpose for which the land was held from that of investment to that of sale to customers in the ordinary course of business. The petitioners' refusal to make the acreage above Sixth Street more saleable, or otherwise to promote its sale, is in sharp contrast with the sales activity carried on to sell the more improved land below Sixth Street, and with the extent of the sales of these latter properties. Wright, Becker and Frantz erected a sales office, hired salesmen, and began selling *172 lots below Sixth Street immediately after their contract with Malouf Realty Company was signed. From March 1944 to August 1948, a total of 362 lots located below Sixth Street were sold in 174 separate transactions, for a total of $527,172. The petitioners admit that the properties below Sixth Street were held for sale to customers in the ordinary course of business, and the gains realized upon the sale of these properties were reported as ordinary income and not as capital gain. Upon all the evidence, it has been found that the acreage above Sixth Street was held for investment and was not held primarily for sale to customers in the ordinary course of trade or business. We hold that the acreage sold to the School District in 1948 constituted a capital asset in the hands of the petitioners, under the provisions of section 117(a)(1) of the 1939 Code, and that the gain realized by the petitioners upon the sale was long-term capital gain. The respondent argues that the petitioners were engaged in the business of selling real estate during the taxable year by virtue of the activities of certain partnerships and corporations in which they were interested. Even if the petitioners were *173 dealers in real estate, however, the respondent's determination that the petitioners realized ordinary income upon the sale in question cannot be sustained. A dealer in real property can also be an investor in other real property, and where the property disposed of is investment property, the gain, if any, is entitled to treatment as a capital gain. Nelson A. Farry, 13 T.C. 8; Walter R. Crabtree, 20 T.C. 841; D. L. Phillips, 24 T.C. - (June 22, 1955). The petitioners concede that the respondent correctly determined their adjusted bases in the acreage sold to the School District. Accordingly, Decisions will be entered under Rule 50.